## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| CALCASIEU CAMERON HOSPITAL SERVICE DISTRICT | CASE NO. 2:22-CV-05414 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| ZURICH AMERICAN INSURANCE CO | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the Court is Plaintiff Calcasieu Cameron Hospital Service District D/B/A West Calcasieu Cameron Hospital's ("CalCam") Motion to Remand (Doc. 10), wherein CalCam moves the Court to remand the case against Zurich American Insurance Company ("Zurich") because American Guarantee and Liability Insurance Company ("AGLIC"), a non-party to the suit, removed the case to this Court. AGLIC opposes the motion and CalCam has replied. Docs. 14 & 15.

### I.  BACKGROUND

CalCam is a citizen of the State of Louisiana. Doc. 1-2. On July 29, 2022, CalCam filed a lawsuit against Zurich in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. *Id.* Therein, CalCam asserts causes of action for breach of contract and negligent adjustment of claims, including claims under Louisiana Revised Statutes sections 1892 and 1973, against Zurich stemming from property damage incurred as a result of Hurricanes Laura and Delta. *Id.* On September 30, 2022, AGLIC removed the case to this Court, stating that Zurich had been erroneously sued. Doc. 1. The same day, AGLIC filed its Statement of Corporate Disclosure (Doc. 4), wherein it indicates the following:

that American Guarantee and Liability Insurance Company is a wholly owned subsidiary of Zurich American Insurance Company, a New York corporation. Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation. Zurich Holding Company of America, Inc. is wholly owned by Zurich Insurance Company Ltd, a Swiss corporation. Zurich Insurance Company Ltd is directly owned by Zurich Insurance Group Ltd, a Swiss corporation. Zurich Insurance Group Ltd is the only publicly traded parent company, with a listing on the Swiss stock exchange, and a further trading of American Depositary Receipts.

On October 7, 2022, Zurich moved the Court for an extension of 14 days for file responsive pleadings. Doc. 8. In this motion, Zurich indicates that it was served through the Louisiana Secretary of State on August 31, 2022. *Id.* Additionally, the Notice of Service of Process (Doc. 1-3, at 1) states that the entity served by certified mail was Zurich.

## II.  LAW & ANALYSIS

Federal courts are courts of limited jurisdiction and can exercise their Article III power insofar as the Constitution and Congress permit. Moreover, federal district courts have original jurisdiction to hear cases that arise under diversity of citizenship and federal questions. 28 U.S.C. §§ 1331, 1332. Under diversity and federal question jurisdiction, a defendant may remove an action that was brought by the plaintiff in state court when the action could have originally been brought in federal court. 28 U.S.C. § 1441; *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). The "right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkin*s, 305 U.S. 534, 537 (1939) (cleaned up); *accord Brown v. Wright Nat'l Flood Ins. Co.*, No. 20-30525, 2021 WL 2934730, at *4 (5th Cir. July 12, 2021) ("It is well-established that '[t]he jurisdictional facts that support removal must be judged at the time

of the removal.'"). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *E.g.*, *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). A motion to remand for lack of subject matter jurisdiction may be made at any time before final judgment whereas for any other defect the motion must be within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441(a), "a case filed in state court may be removed to federal court only by the defendant or the defendants; therefore, a non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595–96 (5th Cir. 2020) (cleaned up) (collecting cases). For purposes of removal, if an individual or entity is not a party to the suit when filed in state court, neither will be considered a party until an appearance is made in the state court suit. *T.H. Inc. v. 6218 Investors*, 41 F.3d 235, 237 (5th Cir. 1995). Therefore, "where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006).

Here, CalCam moves the Court to remand, arguing that since AGLIC has never properly became a defendant, it lacks removal authority. Doc. 10. Moreover, CalCam maintains that Zurich is the only named defendant and thus is the only party to the suit that has removal authority under 28 U.S.C. § 1441(a). Doc. 10-1. By contrast, AGLIC claims

that CalCam intended to sue its insurance carrier under policy number ZMD9482885-09, which is AGLIC and not Zurich, and the mistake was merely a misnomer. Doc. 14. Furthermore, AGLIC asserts that because the substitution to which AGLIC seeks does not manufacture diversity, it is a procedural defect that does not require remand. *Id.* As authority for its argument that it is the real party in interest, AGLIC offers *Lefort v. Entergy Corp.*, No. CIV.A. 15-1245, 2015 WL 4937906, *1 (E.D. La. Aug. 18, 2015) and *Byrd v. Norman*, CV 16-563, 2017 WL 1505122, at *1 (M.D. La. Apr. 10, 2017), *report and recommendation adopted*, No. CV 16-563-JWD-EWD, 2017 WL 1528742 (M.D. La. Apr. 25, 2017).

In *Lefort*, the plaintiffs sought via their petition to sue Entergy's insurer, AEGIS Insurance Services, Ltd.; however, they misnamed the insurer, naming instead a non-existent entity. 2015 WL 4937906, at *3. Also, the *Lefort* plaintiffs did not maintain a contention that the non-existent entity is indeed who they wanted to sue; they stated that they wanted to sue Entergy's insurer. *Id.* In any event, the actual insurer, Associated Electric & Gas Insurance Services, Ltd. answered, admitting that it was Entergy's insurer, and asserted its federal defense under the Convention allowing it to remove the case.[1] *Id.*

In *Byrd*, "at the time of removal, P&S, Inc. was the named defendant in Plaintiff's Petition for Damages." 2017 WL 1505122, at *4. The *Byrd* court then stated: "Although Plaintiff has filed a Motion to Remand, Plaintiff has not questioned the assertion that P&S,

---

[1] "The basis of jurisdiction in the present case is federal question jurisdiction via the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 200, et seq." *Lefort*, 2015 WL 4937906, at *3.

LLC was erroneously designated as P&S, Inc. and has not challenged the propriety of removal by P&S, LLC rather than P&S, Inc." *Id.*

The Court finds AGLIC's arguments unpersuasive. First, is true that AGLIC, like *Lefort* and *Byrd*, is not trying to manufacture diversity. *Cf.* Lefort, 2015 WL 4937906; *Byrd*, 2017 WL 1505122.  But CalCam, unlike the plaintiffs in *Lefort* and *Byrd*, contests AGLIC's characterization that AGLIC is the intended defendant and maintains that Zurich is the correct and only defendant. Doc. 10-1 & 15. Next, *Lefort* and *Byrd* are district court decisions that predate *Valencia v. Allstate Texas Lloyd's*, wherein the Fifth Circuit made clear that "a non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." 976 F.3d at 595. Lastly, "the right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal" *Pullman*, 305 U.S. at 537, and in this case at the time of removal, the Petition (Doc. 1-2, at 3) named Zurich as the only defendant. Thus AGLIC, a nonparty to the suit at the time of removal, had no authority to remove the case. *See id.*

As CalCam correctly points out, removal procedures must be strictly complied with. *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Richard v. Caldwell Banker*, No. CIV. A. 08-1205, 2009 WL 1310889, at *2 (W.D. La. May 7, 2009). Therefore, this matter will be remanded to state court so that AGLIC, if it so choses, may properly be named a party to the suit. Once named a defendant on the pleadings in state court, AGLIC may properly invoke this Court's jurisdiction pursuant to the removal requirements set forth in 28 U.S.C. § 1446.

### III. <u>CONCLUSION</u>

For the aforesaid reasons, **IT IS ORDERED** that the Motion to Remand (Doc. 10) be **GRANTED** and that this matter be remanded to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

**THUS DONE AND SIGNED** in Chambers on the 15th day of November, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**